PROB 12C
(6/16)

Report Date: May 23, 2023

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 23, 2023

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: William August Brand | Case Number: 0980 2:18CR00215-RMP-1 |
| Address of Offender: ███████████████ | Spokane Valley, Washington 99206 |

Name of Sentencing Judicial Officer: The Honorable Donald W. Molloy, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge

Date of Original Sentence: October 8, 2010

| | | | |
|---|---|---|---|
| Original Offense: | Possession of Child Pornography, 18 U.S.C. § 2252(a)(5)(b) and (b)(2) | | |
| Original Sentence: | Prison - 120 months<br>TSR - Life | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | David Michael Herzog | Date Supervision Commenced: | November 23, 2017 |
| Defense Attorney: | Carter Liam Powers Beggs | Date Supervision Expires: | Life |

### PETITIONING THE COURT

To issue a **warrant** and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 11/04/2022, 12/07/2022, 01/06/2023 and 3/06/2023.

On March 23, 2018, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Brand, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 11 | **Mandatory Condition #3**: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the Court.<br><br>**Supporting Evidence**: On or about May 1, 2023, William Brand allegedly violated mandatory condition number 3 by consuming methamphetamine and marijuana.<br><br>On May 4, 2023, the offender reported to the U.S. Probation Office, at which time he was subject to random urinalysis testing. Mr. Brand provided a urine sample that tested presumptive positive for methamphetamine and marijuana. He subsequently admitted to the use of methamphetamine and marijuana on or about May 1, 2023, and signed an admission of use form confirming that use; as such, the sample was not sent to the lab for additional testing. |

Prob12C
Re: Brand, William August
May 23, 2023
Page 2

| | | |
|---|---|---|
| 12 | | **Mandatory Condition #3**: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the Court. |

**Supporting Evidence**: On or about May 10, 2023, William Brand allegedly violated mandatory condition number 3 by consuming methamphetamine and marijuana.

Shortly before close of business on May 11, 2023, Mr. Brand was instructed to report to the U.S. Probation Office by 12 p.m. the next day, May 12, 2023.

On May 12, 2023, the offender contacted this officer and claimed his vehicle had broken down, so he would likely be unable to report by 12 p.m. as instructed. This officer extended his report time to 2 p.m.

Shortly before 2 p.m., Mr. Brand contacted the undersigned and advised that he was able to fix his vehicle, and was now headed to the U.S. Probation Office. At that time, the offender admitted he would be "dirty," as he had again consumed methamphetamine and marijuana.

Upon reporting to the U.S. Probation Office, on May 12, 2023, the offender waived urinalysis testing and signed an admission of use form admitting to the use of methamphetamine and marijuana on or about May 10, 2023.

| | | |
|---|---|---|
| 13 | | **Mandatory Condition #3**: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the Court. |

**Supporting Evidence**: On or about May 21, 2023, William Brand allegedly violated mandatory condition number 3 by consuming methamphetamine and marijuana.

On the morning of May 23, 2023, this officer contacted the offender. When asked if he had been maintaining his sobriety, Mr. Brand insisted he has not consumed any illegal substances since his last reported use on or about May 10, 2023. The offender was subsequently instructed to report to the U.S. Probation Office by 11 a.m., for random urinalysis testing.

Shortly before 11 a.m., the offender contacted this officer and advised he would again be "dirty." Mr. Brand admitted using methamphetamine and marijuana on or about May 21, 2023.

The U.S. Probation Office respectfully recommends the Court to **issue a warrant** and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

Prob12C
Re: Brand, William August
May 23, 2023
Page 3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   05/23/2023

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge
[ ]  Other

Rosanna Malouf Peterson

Signature of Judicial Officer

5/23/2023

Date

| MATTHEW L. THOMPSON<br>CHIEF PROBATION OFFICER<br>U.S. COURTHOUSE<br>920 W Riverside, Room 540<br>PO BOX 306<br>SPOKANE, WA  99210-0306<br>(509) 742-6300 / fax (509) 742-6339 | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF WASHINGTON<br>PROBATION OFFICE<br><br>May 23, 2023 | BRANCH OFFICES<br><br>FEDERAL BUILDING<br>25 S. 3rd Street, Room 326<br>PO BOX 1791<br>YAKIMA, WA  98907-1791<br>(509) 574-5535 / fax (509) 574-5539<br><br>FEDERAL BUILDING<br>825 Jadwin Ave, Suite 170<br>RICHLAND, WA  99352-0446<br>(509) 943-8130 / fax (509) 943-8139 |
|---|---|---|

REPLY TO   Spokane

The Honorable Rosanna Malouf Peterson
Senior United States District Judge
Thomas S. Foley U.S. Courthouse
P.O. Box 1493
Spokane, WA 99210



**RE: Brand, William August**
**Dkt. No. 0980 2:18CR00215-RMP-1**
**Custody Status: Continues Under Supervision**
<u>**Violation Report #5**</u>

**RECEIVED**
**May 23, 2023**
**CLERK, U.S. DISTRICT COURT**

Dear Judge Peterson:

Attached for the Court's review is a petition for **warrant** and to incorporate on the above-captioned offender.  The circumstances of the alleged noncompliant behavior are reported therein.

<u>**Compliance with Supervision Conditions:**</u>

As Your Honor may recall, on November 7, 2022, this officer submitted a violation report to the Court alleging two violations of the offender's federal supervision; both of the alleged violations were related to Mr. Brand's unlawful use of methamphetamine.

In response to his violation behavior, the offender was referred to Pioneer Human Services (PHS) for a substance abuse assessment, which resulted in his engagement in intensive outpatient (IOP) treatment. Although the initial recommendation from PHS was inpatient treatment, an override to IOP was granted as the offender expressed concerns that he would lose his employment and housing if unable to work for approximately 28 days.

On December 7, 2022, the undersigned submitted a second violation report to the Court; two additional violations were alleged, both related to the offender's continued use of methamphetamine.

On December 13, 2022, Mr. Brand appeared before U.S. Magistrate Judge James A. Goeke for an initial appearance. Although the government had not filed a motion for the offender's

Re: Brand, William August
May 23, 2023
Page 2

detention, and the U.S. Probation Office was not recommending detention, Judge Goeke granted his release and cautioned Mr. Brand that his continued drug use could ultimately result in his detention.

Immediately after that hearing, on December 13, 2022, the offender tested presumptive positive for methamphetamine; he ultimately admitted to the use of methamphetamine just days before his scheduled appearance in Court.

In response to his continued drug use, PHS conducted an updated assessment of the offender on December 20, 2022. As a result of that assessment, it was recommended that Mr. Brand immediately report to the Spokane Regional Stabilization Center (SRSC), but he declined. PHS subsequently arranged for inpatient treatment at Sun Ray Court, but it was later discovered that Mr. Brand had discontinued his medical insurance through his employer to avoid the cost, so there was no coverage for services. The U.S. Probation Office ultimately provided coverage for the offender's inpatient treatment program, and he commenced inpatient treatment at Pioneer Center East (PCE) on January 6, 2023.

On February 5, 2023, Mr. Brand successfully completed inpatient treatment.

On February 23, 2023, the offender completed an admit appointment with PHS in order to re-engage in an IOP treatment program, to include phase urinalysis testing.

Days later, on February 27, 2023, the offender admitted to the use of marijuana after he insisted on several occasions that he was "clean."

On March 7, 2023, the offender appeared before Your Honor for a supervised release revocation hearing. During that hearing, Mr. Brand admitted to all 10 alleged violations, and the Court found that they were committed. Despite that admission, Your Honor graciously agreed to hold the admitted violations in abeyance to allow the offender the opportunity to demonstrate his ability to remain compliant.

As outlined in the attached petition, the offender's drug use has persisted. While he has continued to consume methamphetamine and marijuana, Mr. Brand is no longer willing to be as forthcoming about his drug use as he has been in the past.

Additionally, on May 11, 2023, this officer attempted to make contact with the offender at his residence to conduct an unscheduled home visit, but was unsuccessful. Upon leaving his complex, this officer noticed an enclosed play area with a number of children across the street. Upon further investigation, it was discovered that there is a Montessori children's center in the business complex across the street from the offender's apartment building. Mr. Brand insisted that his previous supervising officer had been aware of the children's center across the street, but this officer has been unable to verify that. While it has been decided that his close proximity to the Montessori center does not meet the threshold to be considered

Re: Brand, William August
May 23, 2023
Page 3

a supervision violation, this officer has serious concerns about the offender being in such close proximity to children while actively abusing methamphetamine.

In consideration of the offender's continued violation behavior, the undersigned would opine that Mr. Brand needs accountability and structure. As such, it is respectfully requested that the Court issue a warrant for the offender's arrest.

## Offender Characteristics:

On May 23, 2023, Mr. Brand notified the undersigned officer that he had been terminated from Travis Pattern Iron Works. The offender did not say for certain why it was that he was terminated, and as of the writing of this report, this officer has not yet been able to inquire with the former employer.

## Statutory and Guideline Provisions:

Pursuant to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than 3 years in prison if such offense is a Class B felony, more than 2 years in prison if such offense is a Class C or D felony, or more than 1 year in any other case.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release less any term of imprisonment that was imposed upon revocation of supervised release.

As a cost-containment measure, in March 2004, the Judicial Conference endorsed a non-binding policy that substantially restrains enhanced sentencing authority. This policy was incorporated in our agency's Monograph 109, *The Supervision of Federal Offenders:*

*Although it is statutorily permissible to impose a new term of supervised release in most post-April 30, 2003, cases, officers should ordinarily recommend a new supervised release sentence only when the prison time imposed for the current violation, plus any prison time imposed for a prior revocation(s) of this term of supervised release, is less than the maximum prison term set forth at 18 § 3583(e)(3).*

**Re: Brand, William August**
May 23, 2023
Page 4

If revoked, the following options are available for sentencing:

**Original Criminal History Category:**    III
**Grade of Violation:**                     C
**Class of Offense:**                       **Class C Felony**

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **CUSTODY:** | Not more than 2 years | 5-11 months |
| **SUPERVISED RELEASE:** | Life | Life |

It is respectfully recommended that the Court **issue a warrant** and incorporate the violations contained in this petition in all future proceedings with the violations previously reported to the Court.

                            Respectfully submitted,

                            Matthew L. Thompson
                            Chief U.S. Probation Officer

                            By: s/Amber M.K. Andrade    05/23/2023
                                  Amber M.K. Andrade         Date
                                U.S. Probation Officer

APPROVED BY:

s/Richard Law                    05/23/2023
Richard Law                           Date
Supervisory U.S. Probation Officer

AMKA:ms