PROB 12C
(6/16)

Report Date: January 2, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 07, 2025

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | William August Brand | Case Number: | 0980 2:18CR00215-TOR-1 |

Address of Offender: ███████████████████, Spokane, Washington 99205

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: October 8, 2010

| | | | |
|---|---|---|---|
| Original Offense: | Possession of Child Pornography, 18 U.S.C. § 2252(a)(5)(b) and (b)(2) | | |
| Original Sentence: | Prison - 120 months; TSR - Life | Type of Supervision: | Supervised Release |
| Revocation Sentence: (06/07/2003) | Prison - 3 months; TSR - Life | | |
| Revocation Sentence: (06/12/2024) | Prison - 5 months; TSR - Life | | |
| Asst. U.S. Attorney: | Michael Ellis | Date Supervision Commenced: | October 9, 2024 |
| Defense Attorney: | Carter Powers Beggs | Date Supervision Expires: | N/A |

## PETITIONING THE COURT

To issue a summons.

On October 11, 2024, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Brand, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #1**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**: On or about November 30 and December 1, 2024, William Brand allegedly violated special condition number 1 by consuming methamphetamine and marijuana. |

Prob12C
**Re: Brand, William August**
**January 2, 2025**
**Page 2**

On December 4, 2024, the offender reported to the probation office as instructed by the assigned probation officer. Mr. Brand was subject to random urinalysis testing and provided a urine sample that tested presumptive positive for methamphetamine and marijuana.

The offender admitted to the use of methamphetamine and marijuana on or about November 30 and December 1, 2024, and he signed an admission of use form confirming the admission. Because Mr. Brand had admitted to use, the urine sample was not sent to the laboratory for additional testing.

In response to the antisocial behavior, the individual under supervision was instructed to check-in with this officer on a weekly basis.

2   **Special Condition #1**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On or about December 7, 2024, William Brand allegedly violated special condition number 1 by consuming methamphetamine.

On December 6, 2024, this officer spoke with the offender and scheduled an office visit for December 10, 2024.

On December 10, 2024, Mr. Brand reported to the U.S. Probation Office (USPO) and was subject to random urinalysis testing. Prior to submitting to urinalysis testing, the offender admitted the sample would be positive for methamphetamine, and he signed an admission of use form confirming that admission.

The offender was then subject to random urinalysis testing and provided a urine sample that was presumptive positive for methamphetamine and amphetamine. Because he had admitted to use, the sample was not sent to the laboratory for additional testing.

This officer cautioned Mr. Brand that his continued drug use could affect his ability to continue staying at the Union Gospel Mission (UGM) men's shelter, which has a strict policy against illicit drug use for its residents.

3   **Special Condition #6**: You must live at an approved residence, and must not change your living situation without advance approval of the supervising officer.

**Supporting Evidence**: On or about December 14, 2024, William Brand allegedly violated special condition number 6 by changing his living situation without advance approval.

On December 11, 2024, the offender sent this officer a text message stating that he "did get removed from UGM" the night prior. The undersigned confirmed with UGM shelter staff that Mr. Brand was asked to leave on December 10, 2024, after he tested positive for methamphetamine.

Prob12C
**Re: Brand, William August**
**January 2, 2025**
**Page 3**

Because he would be unable to return to UGM for a week, Mr. Brand advised he was able to secure a bed at the House of Charity (HOC) shelter; this officer subsequently approved him to reside at the HOC shelter in the interim.

On December 19, 2024, the undersigned contacted the HOC shelter in an attempt to verify Mr. Brand's residence. According to the information received, the offender had not been at the facility since December 13, 2024.

Shortly thereafter, on December 19, 2024, this officer spoke with Mr. Brand's treatment provider at New Horizon Care Center (NHCC). During that conversation, the treatment provider advised the offender had reportedly been staying with a woman who is actively abusing controlled substances; the undersigned later learned that he had known the woman for less than a week before moving in.

Later that date, on December 19, 2024, the individual under supervision was instructed to report to the probation office to meet with this officer. Mr. Brand was notified that this officer would not consider that residence, as there was active drug use occurring, and placement was arranged for him at Jewels Helping Hands; the offender has been residing there since.

4       **Special Condition #1**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On or about December 17, 2024, William Brand allegedly violated special condition number 1 by consuming methamphetamine and marijuana.

On December 19, 2024, when the offender reported to the probation office to meet with the assigned officer, he was subject to random urinalysis testing. Mr. Brand provided a urine sample that was presumptive positive for methamphetamine and marijuana. He admitted to the use of methamphetamine and marijuana on or about December 17, 2024, and he signed an admission of use form confirming that admission. Because he had admitted to use, the sample was not sent to the laboratory for additional testing.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   01/02/2025

s/Amber M. K. Andrade

Amber M. K. Andrade
U.S. Probation Officer

Prob12C
Re: Brand, William August
January 2, 2025
Page 4

THE COURT ORDERS

- [ ] No Action
- [ ] The Issuance of a Warrant
- [X] The Issuance of a Summons
- [ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [X] Defendant to appear before the Magistrate Judge.
- [ ] Other

*Thomas O. Rice*
Thomas O. Rice
United States District Judge

January 7, 2025
Date